UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL ELAM, SR., <br><br> Plaintiff, <br><br> v. <br><br> CEPTS, et al., <br><br> Defendants. | No.  2:21–cv–1455–TLN–KJN PS <br><br> ORDER GRANTING IFP REQUEST; AND FINDINGS AND RECOMMENDATIONS TO DISMISS <br><br> (ECF Nos. 1, 2.) |

Plaintiff, who is proceeding without counsel in this action, requested leave to proceed in forma pauperis ("IFP").[1]  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  Plaintiff's affidavit makes the required showing, and so plaintiff's request to proceed IFP is granted.  See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) (noting those generally eligible for IFP status include "persons who are unemployed and dependent on government assistance").

The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Under Section 1915, the court must dismiss the case if it determines the

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  Matters disposing of any claims under this framework are to be resolved by the magistrate judge as findings and recommendations.  See Local Rule 304.

1

allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Further, federal courts have an independent duty to ensure that federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This limitation is because documentary evidence may be presented at a later point in the case. See Id.

///

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint is handwritten and barely legible. As best the court can tell, plaintiff alleges that defendants CEPTS, a person named Judie, and plaintiff's son Nathaniel Elam Jr. have possession of, and are spending, some of his funds. Plaintiff also attaches a copy of his 1095-B (showing he maintains health coverage) and, it appears, copies of his phone bills. The remainder of plaintiff's allegations appear to be vague threats, plaintiff's wishes concerning the disposition of his estate, and requests for damages and "jail time" for defendants. Plaintiff's stated basis for federal jurisdiction is "Stoetial – Federal Check/States Checks; Emotional Distress; Medearl (Mediah) distress [sic]". (See ECF No. 1.)

Plaintiff's complaint, to the extent that it is intelligible, does not remotely allege sufficient facts from which the court can draw a reasonable inference that a federal claim exists. Plaintiff does not identify a particular constitutional right that was purportedly violated, and his stated basis for federal jurisdiction is more akin to state-law claims. See Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1245 (9th Cir. 2013) (reciting the elements of a claim for IIED under California law); see also 28 U.S.C. § 1331. Further, there are no allegations of diversity as per 28 U.S.C. Section 1332. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (noting the burden for establishing diversity jurisdiction is on the party asserting it). The remainder of plaintiff's complaint either appears frivolous on its face or in violation of Rule 8's "short and plain statement" requirement. See Neitzke, 490 U.S. at 325 (frivolity); McHenry, 84 F.3d at 1176-78 (no griping or evidence). While the court is sympathetic to plaintiff's plight, such allegations do not suffice to state a federal claim. See 28 U.S.C. § 1367(c) (noting the federal court's authority to decline supplemental jurisdiction over pure matters of state law).

For these reasons, the complaint is subject to dismissal.  Further, the court ordinarily liberally grants pro se plaintiffs leave to amend.  However, because the undersigned finds plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, granting leave to amend would be futile.  <u>Cahill</u>, 80 F.3d at 339.

### ORDER AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

Further, it is RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 23, 2021

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elam.1455